**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| REGINALD DORSEY, | : | CIVIL ACTION NO. 1:26-CV-176 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| WARDEN FIRTH, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner,

Reginald Dorsey, argues that the United States Bureau of Prisons is improperly

refusing to shorten his sentence for completion of the BOP's Residential Drug Abuse

Treatment Program ("RDAP"). The petition will be dismissed for Dorsey's failure to

exhaust administrative remedies.

## I.    Factual Background & Procedural History

Dorsey is serving a federal criminal sentence imposed by the United States

District Court for the District of Maryland for Hobbs Act Robbery. (Doc. 7-2 at 2). At

the time he filed this petition, he was housed in Schuylkill Federal Correctional

Institution ("FCI-Schuylkill").[1]

---

[1] The court's independent search of the BOP's online inmate locator indicates that petitioner has since been transferred to Butner Federal Correctional Institution in Butner, North Carolina, but petitioner has not updated his address on the docket of this case. This court retains jurisdiction over the petition because petitioner was confined in this district at the time he filed this case. Khalil v. President, United States, 164 F.4th 259, 271 (3d Cir. 2026).

Dorsey filed this case on January 27, 2026, asserting that he is currently enrolled in the RDAP but that the BOP has informed him that he will not receive credit for successful completion of the program due to the nature of his criminal sentence. (Doc. 1). He seeks a writ of habeas corpus compelling the BOP to provide credit upon his completion of the program. (Id.) Respondent responded to the petition on March 19, 2026, arguing that it should be dismissed for failure to exhaust administrative remedies and because it does not present a cognizable habeas corpus claim, or, alternatively, that it should be denied on its merits. (Doc. 7). Dorsey has not filed a reply brief, and the deadline to do so has expired.

## II.    Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the

2

general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust generally precludes habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Dorsey's petition should be dismissed for failure to exhaust because he did not file any administrative remedy requests regarding his claim prior to filing this case. (Doc. 7 at 5-7). Respondent has produced evidence to support this assertion. (Docs. 7-2, 7-4). Dorsey has not produced any contrary evidence or advanced any argument to refute this conclusion. Accordingly, his petition will be dismissed for failure to exhaust administrative remedies.

## III. Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    May 26, 2026

3